UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BAYIT CARE CORP.,

        Plaintiff,

-against-

TENDER LOVING CARE HEALTH CARE
SERVICES OF NASSAU SUFFOLK, LLC,
Successor in Interest to Staff Builders
International, Inc.,

        Defendant.
----------------------------------------------------------X
TENDER LOVING CARE HEALTH CARE
SERVICES OF NASSAU SUFFOLK, LLC,
and AMEDISYS, INC.,

        Plaintiffs,

-against-

BAYIT CARE CORPORATION

        Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-3929 (DRH) (ARL)

11-CV-5600 (DRH) (ARL)

**APPEARANCES:**

**EINBINDER & DUNN, LLP**
Attorneys for Bayit Care Corporation
104 West 40th Street, 20th Floor
New York, New York 10018
By:    Michael Einbinder, Esq.

**FARRELL FRITZ, P.C.**
Attorneys for the Tender Loving Care Health Care Services of Nassau Suffolk, LLC
1320 RXR Plaza
Uniondale, New York 11556
By:    James M. Wicks, Esq.
          Aaron E. Zerykier, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Bayit Care Corp. ("plaintiff" or "Bayit") commenced this diversity action against defendant Tender Loving Care Health Care Services of Nassau Suffolk, LLC ("defendant" or "Tender Loving") asserting three causes of action for breach of contract based upon defendant's alleged breach of the parties' franchise agreement. In its Fourth Cause of Action, Bayit seeks damages for Tender Loving's alleged failure to provide Bayit with certain disclosure documentation as required by New York General Business Law § 683. Presently before the Court is Tender Loving's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Bayit's Fourth Cause of Action as time-barred.[1] For the reasons discussed below, Tender Loving's motion is granted.

---

[1] Just prior to the commencement of this action, Tender Loving brought a suit against Bayit in Louisiana state court (the "Tender Loving Action"), where it sought, *inter alia*, a declaratory judgment that it did not breach its franchise agreement with Bayit. (*See* Def.'s Mem. at 4.) Bayit removed the case to the United States District Court of the Middle District of Louisiana and filed a motion to dismiss or, in the alternative, to transfer venue to this Court. When the present motion to dismiss was filed, Tender Loving requested in its moving papers that this Court stay the action pending a decision on Bayit's motion to transfer venue by the Louisiana District Court. Bayit did not oppose this request. Before the motion to stay was fully briefed, however, the Louisiana District Court granted Bayit's motion to change venue, and the Tender Loving action was transferred to this court as a related case under Civil Docket No. 11-CV-5600. Bayit's Answer in the Tender Loving Action contained four counterclaims identical to the four causes of action pled in its Complaint here. Tender Loving has moved to dismiss Bayit's Fourth Counterclaim in the Tender Loving Action, which is identical to Bayit's Fourth Cause of Action in this case, for the same reasons asserted herein. Accordingly, this Memorandum and Order is being simultaneously docketed in 11-CV-5600 and grants Tender Loving's motion to dismiss Bayit's Fourth Counterclaim.

## BACKGROUND

The following factual recitation is drawn from the allegations contained in the Complaint as well as documents referenced therein, which are integral to Bayit's allegations.[2]

### I. The Parties

Bayit is a New York corporation with its principal place of business in Huntington, New York. (Compl. ¶ 1.) On or about April 1, 1992, Bayit entered into a franchise agreement ("Franchise Agreement") with Staff Builders International, Inc. ("Staff Builders"). On or about February 14, 2005, defendant succeeded to the interests of Staff Builders; the two merged and Tender Loving is the surviving entity.[3] (*Id.* ¶ 3.) Pursuant to the Franchise Agreement, Bayit was granted the right to operate a franchised health center and to offer health care personnel services, programs, products, and activities. (*Id.* ¶ 6.) At the outset of their relationship, the parties recognized that "due to changes in competitive circumstances . . . [Tender Loving] must not remain static." (*Id.* ¶ 8.) Accordingly, the parties agreed that Tender Loving may modify its practices or services, and Bayit would abide by those modifications to the extent that they did not "unreasonably and materially increase [Bayit's] obligations" under the Franchise Agreement. (*Id.*)

---

[2] In deciding a Rule 12(b)(6) motion, the Court may rely on the facts alleged in the Complaint, documents attached to the Complaint or incorporated by reference, and documents "integral" to the Complaint and relied upon in it, even if not attached or incorporated by reference. *In Re Merrill Lynch & Co., Inc.* 273 F. Supp. 2d 351, 356 (S.D.N.Y. 2003). Here, the Court has considered not only the factual allegations contained in the Complaint, but has also reviewed the Franchise Agreement and the subsequent management fee amendments, as those extraneous documents are both "integral" to Bayit's claims and referenced in the Complaint. *Id.*

[3] In their briefs, the parties use "Tender Loving" to refer to either Staff Builders or Tender Loving, whichever was the relevant entity at the time. (See Def.'s Mem. at 1 n.1.) The Court will do the same for purposes of this Memorandum and Order.

## II. The Management Fee Amendments

On November 4, 2004, the parties entered into a management fee amendment to the Franchise Agreement, which was effective February 14, 2005.[4] (*Id.* ¶ 9). The parties entered into four subsequent management fee amendments for each of the years between 2006 and 2009. (*Id.* ¶ 10) The sixth management fee amendment ("Sixth Fee Amendment") was executed on June 14, 2010. According to Bayit, the Sixth Fee Amendment "fundamentally altered the financial structure" of the Franchise Agreement, and "created a completely different contractual relationship between the parties, which was tantamount to an offer of a new franchise." (*Id.*)

## III. The Complaint

In its first three causes of action, Bayit asserts that Tender Loving committed various breaches of the Franchise Agreement. (*Id.* ¶¶ 18-20.) In the Fourth Cause of Action, which is at issue in the present motion, Bayit alleges that Tender Loving violated New York's Franchise Sales Act, N.Y. General Business Law § 680 *et. seq.* ("FSA"), by failing to provide Bayit with a "Franchise Disclosure Document" or "Uniform Franchise Offering Circular" prior to entering into the Sixth Fee Amendment. (Compl. ¶ 32.)

## DISCUSSION

## I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

---

[4] The parties assert that pursuant to the Franchise Agreement, Bayit received a percentage of the health care center's revenues. (Def.'s Mem. at 3; Pl.'s Opp'n at 2.) The November 4, 2004 management fee amendment replaced this payment structure with a fixed annual fee. (Def.'s Mem. at 3; Pl.'s Opp'n at 2.) .

4

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 561 (quoting *Conley*, 355 U.S. at 45-46). Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual assumptions." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

5

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. at 1949 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see also Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010) ("[A] complaint must contain factual allegations to support the legal conclusions and the factual allegations must plausibly give rise to an entitlement of relief.") (internal quotation marks omitted).

## II.     *The Parties' Contentions*

Tender Loving asserts that Bayit's FSA claim is barred by the applicable three-year statute of limitations. (Def.'s Mem. at 10 (citing N.Y. Gen. Bus. Law § 691(4) ("An action shall not be maintained to enforce a liability created under this section unless brought before the expiration of three years after the act or transaction constituting the violation.")).) According to Tender Loving, "the limitations period [began] to run when the franchise [was] entered into" in 1992. (Def.'s Mem. at 10.) Bayit maintains that its FSA claim is timely because the Sixth Fee Amendment "so altered the financial structure of the franchise relationship that it constituted an offer of a new franchise, [thereby triggering] the disclosure requirements of the FSA." (Pl.'s Opp'n at 9). According to Bayit, because the alleged FSA violation occurred in connection with

6

the parties' execution of the Sixth Fee Amendment, the three-year limitations period began to run in 2010, and this cause of action is therefore timely. (*Id.* at 10.)

### III. Bayit's FSA Claim is Dismissed

The FSA seeks to regulate the "offer and sale of franchises" in order to provide "prospective franchises and potential franchise investors with material details of the franchise offering so that they may participate in the franchise system in a manner that may avoid detriment to the public interest and benefit the commerce and industry of the state." N.Y. Gen. Bus. Law § 680(2). To further this goal, the statute contains disclosure requirements, which prohibit any entity from selling a franchise:

> without first providing to the prospective franchisee, a copy of the offering prospectus, together with a copy of all proposed agreements relating to the sale of the franchise at the earlier of (a) the first personal meeting between the franchisor or its agent and the prospective franchisee, (b) at least ten business days prior to the execution of a binding franchise or other agreement, or (c) at least ten days prior to the receipt of any consideration in connection with the sale or proposed sale of a franchise.

N.Y. Gen. Bus. Law § 683(8). As noted above, Bayit alleges that Tender Loving did not make these required disclosures when the parties agreed upon the Sixth Fee Amendment.

In assessing the timeliness of claims made under the FSA, courts have generally determined that the three-year limitations period "begins to run when the franchise contract is entered into, and that continuous violations do not toll the statute of limitations." *United Magazine Co. v. Murdoch Magazine Distrib., Inc.*, 146 F. Supp. 2d 385, 407 (S.D.N.Y. 2001), *aff'd*, 279 Fed. Appx. 14 (2d Cir. 2008); *accord Rich Food Servs., Inc. v. Rich Plan Corp.*, 98 Fed. Appx. 206, 210 (4th Cir. 2004) (noting franchisor's duty under the FSA "to make certain basic disclosures *at the beginning of the franchise relationship*") (emphasis added).

If the Sixth Fee Amendment was simply a renewal or extension of the Franchise Agreement, which was signed by the parties in 1992, Bayit's FSA claim is time-barred. *See Rich Food*, 98 Fed. Appx. at 209 (finding FSA claim time-barred when parties entered into an agreement that was merely "a renewal or extension for purpose of the franchise disclosure laws" and not a "new agreement"); N.Y. Gen. Bus. Law § 681(11) (definition of "offer to sell" excludes "the renewal or extension of an existing franchise where there is no interruption in the operation of the franchised business by the franchisee"). Here, Bayit alleges that the Sixth Fee Amendment "fundamentally altered the financial structure of the [Franchise] Agreement." (Compl. ¶ 10.) Bayit does not allege, however, that the Sixth Fee Amendment resulted in "any interruption in the operation of the franchised business" that could potentially re-trigger the disclosure requirements of the FSA. *See* N.Y. Gen. Bus. Law § 681 (11). Nor does Bayit cite any case law or other relevant legal authority for the proposition that "changes to the financial structure of a franchise relationship could be so radical as to essentially remake the franchise relationship entirely," (*see* Pl.'s Opp'n at 10), thereby implicating the FSA disclosure requirements. *See United Magazine*, 146 F. Supp. 2d at 407 (rejecting, as unsupported by case law, plaintiff's claim that "changes to their alleged franchise agreements created entirely new agreements or restarted the [FSA] limitations period in some other fashion").

Accordingly, Bayit's FSA Claim is dismissed as time-barred.

8

## *CONCLUSION*

For the reasons set forth above, Tender Loving's motion to stay is deemed moot and its motion to dismiss Bayit's Fourth Cause of Action is granted. For the same reasons, Tender Loving's motion filed in 11-CV-5600 seeking dismissal of Bayit's Fourth Counterclaim is granted.

**SO ORDERED**

Dated: Central Islip, New York
      February 17, 2012

                                                /s/
                                                Denis R. Hurley
                                                United States District Judge